# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: <u>0:21−mj−06681−AOV</u> All Defendants

Case title: USA v. Courson

Date Filed: 12/15/2021

Date Terminated: 12/20/2021

---

Assigned to: Magistrate Judge Alicia O. Valle

**Defendant (1)**

**Mason Joel Courson**
78637−509
*YOB 1995 English*
*TERMINATED: 12/20/2021*

represented by **Jason Wyatt Kreiss**
Jason W. Kreiss
1824 SE 4th Avenue
Fort Lauderdale, FL 33316
954−525−1971
Fax: 525−1978
Email: jwk@kreisslaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Temporary*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                        **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                               **Disposition**

18:U.S.C.§111(a)(1)and(b)2
ASSAULTING, RESISTING, OR
IMPEDING CERTAIN OFFICERS
USING A DANGEROUS WEAPON
18:U.S.C.§231(a)(3)CIVIL DISORDER
18:U.S.C.§1752(a)(1)ENTERING AND
REMAINING IN A RESTRICTED
BUILDING OR GROUNDS

**Plaintiff**

**USA**                                    represented by   **Adam Michael Hapner**
                                                            DOJ–USAO
                                                            99 NE 4th Street
                                                            Miami, FL 33132
                                                            786–761–3142
                                                            Email: adam.hapner@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/14/2021 |  |  | Arrest of Mason Joel Courson (at) (Entered: 12/15/2021) |
| 12/15/2021 | 1 |  | Magistrate Removal of Superseding Indictment from DISTRICT OF COLUMBIA Case number in the other District 21–CR–035(EGS) as to Mason Joel Courson (1). (at) (Entered: 12/15/2021) |
| 12/15/2021 |  |  | Set Hearing as to Mason Joel Courson: Initial Appearance – Rule 5(c)(3)/40 set for 12/15/2021 AT 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. (at) (Entered: 12/15/2021) |
| 12/15/2021 | 2 |  | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Jason Wyatt Kreiss appearing for Mason Joel Courson (dd) (Entered: 12/15/2021) |
| 12/15/2021 | 3 |  | Minute Entry for proceedings held before Magistrate Judge Alicia O. Valle: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Mason Joel Courson held on 12/15/2021. Detention Hearing set for 12/20/2021 10:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. Removal Hearing set for 12/20/2021 10:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. (Digital 11:35:54) (dd) (Entered: 12/15/2021) |
| 12/20/2021 | 4 |  | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Mason Joel Courson (dd) (Entered: 12/20/2021) |
| 12/20/2021 | 5 |  | Minute Entry for proceedings held before Magistrate Judge Jared M. Strauss: Status re PTD hearing as to Mason Joel Courson held on 12/20/2021. Matter reset to 12/22/21 but defendant waives removal. ( Detention Hearing set for 12/22/2021 10:00 AM in Fort Lauderdale Division before FTL Duty Magistrate.). (Digital 9:25:56) (dd) (Entered: 12/20/2021) |
| 12/22/2021 | 6 |  | NOTICE *of filing character letters* by Mason Joel Courson (Attachments: # 1 Exhibit, # 2 Exhibit ) (Kreiss, Jason) (Entered: 12/22/2021) |
| 12/22/2021 | 7 |  | Minute Order for proceedings held before Magistrate Judge Jared M. Strauss: Detention Hearing as to Mason Joel Courson held on 12/22/2021. Witness FBI McDaniel testified. Cross–examined by defense counsel. Government proceeding by proffer. Defendant charged in eight counts (7,10,11,14,18,19,20,24) Government's Exhibit 1 submitted. Defendant's objects to Exhibit 1. Court allows Exhibit 1 to be admitted. Court heard argument from both sides. Court Orders defendant detained pending trial, remanded to U.S. Marshals custody. Commitment Order signed. Written Order to follow. (Digital |

| | | | |
|---|---|---|---|
| | | | 10:00:07−11:28:15) (Signed by Magistrate Judge Jared M. Strauss on 12/22/2021). (at) (Entered: 12/22/2021) |
| 12/22/2021 | 9 | | COMMITMENT TO ANOTHER DISTRICT as to Mason Joel Courson. Defendant committed to DISTRICT OF COLUMBIA.. Closing Case for Defendant. (Signed by Magistrate Judge Jared M. Strauss on 12/22/2021). *(See attached document for full details).* (at) Modified on 12/23/2021 (at). (Entered: 12/23/2021) |
| 12/23/2021 | 8 | | CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): 1 as to Mason Joel Courson by Adam Michael Hapner (Attachments: # 1 Exhibit Images) (Hapner, Adam) (Entered: 12/23/2021) |
| 12/23/2021 | 10 | | DETENTION ORDER as to Mason Joel Courson. (Signed by Magistrate Judge Jared M. Strauss on 12/23/2021). *(See attached document for full details).* (at) (Entered: 12/23/2021) |

Our case 21-6681-AV

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on August 11, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21-CR-035 (EGS) |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| JEFFREY SABOL, | : | VIOLATIONS: |
| PETER FRANCIS STAGER, | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| MICHAEL JOHN LOPATIC SR., | : | (Obstruction of an Official Proceeding) |
| CLAYTON RAY MULLINS, | : | 18 U.S.C. § 111(a)(1) |
| JACK WADE WHITTON, | : | (Assaulting, Resisting, or Impeding |
| LOGAN JAMES BARNHART, | : | Certain Officers) |
| RONALD COLTON MCABEE, | : | 18 U.S.C. § 231(a)(3) |
| MASON JOEL COURSON, and | : | (Civil Disorder) |
| JUSTIN JERSEY | : | 18 U.S.C. §§ 111(a)(1) and (b), 2 |
| | : | (Assaulting, Resisting, or Impeding |
| Defendants. | : | Certain Officers Using a Dangerous |
| | : | Weapon) |
| | : | 18 U.S.C. § 2111 |
| | : | (Robbery in a Federal Enclave) |
| | : | 18 U.S.C. § 661 |
| | : | (Theft in a Federal Enclave) |
| | : | 18 U.S.C. §§ 111(a)(1) and (b) |
| | : | (Assaulting, Resisting, or Impeding |
| | : | Certain Officers Using a Dangerous |
| | : | Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds with a Deadly or |
| | : | Dangerous Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) |
| | : | (Engaging in Physical Violence in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |

|   |   |
|---|---|
| : | **18 U.S.C. § 1752(a)(2)** |
| : | **(Disorderly and Disruptive Conduct in a** |
| : | **Restricted Building or Grounds)** |
| : | **18 U.S.C. § 1752(a)(4)** |
| : | **(Engaging in Physical Violence in a** |
| : | **Restricted Building or Grounds)** |
| : | **40 U.S.C. § 5104(e)(2)(F)** |
| : | **(Violent Entry and Disorderly Conduct in** |
| : | **a Capitol Building or Grounds)** |

**I N D I C T M E N T**

Case: 1:21-cr-00035
Assigned to: Judge Sullivan, Emmet G.
Assign Date: 11/17/2021
Description: SUPERSEDING  INDICTMENT (B)
Related Case No: 21-cr-00035 (EGS)

The Grand Jury charges that:

## COUNT ONE

On or about January 6, 2021, within the District of Columbia and elsewhere, **JEFFREY
SABOL, PETER FRANCIS STAGER,** and **MICHAEL JOHN LOPATIC SR.** attempted to,
and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding
before Congress, specifically, Congress's certification of the Electoral College vote as set out in
the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

(**Obstruction of an Official Proceeding and Aiding and Abetting,** in violation of Title
18, United States Code, Sections 1512(c)(2) and 2)

## COUNT TWO

On or about January 6, 2021, at or around 2:04 p.m., within the District of Columbia,
**JEFFREY SABOL,** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an
officer and employee of the United States, and of any branch of the United States Government
(including any member of the uniformed services), and any person assisting such an officer and
employee, including but not limited to M.T., an officer from the Metropolitan Police Department,
while such person was engaged in and on account of the performance of official duties, and where

2

the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

> (**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT THREE

On or about January 6, 2021, at or around 2:04 p.m., within the District of Columbia, **JEFFREY SABOL**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

> (**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT FOUR

On or about January 6, 2021, at or around 2:27 p.m., within the District of Columbia, **JEFFREY SABOL**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

> (**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT FIVE

On or about January 6, 2021, at or around 2:27 p.m., within the District of Columbia, **JEFFREY SABOL**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT SIX

On or about January 6, 2021, at or around 2:33 p.m., within the District of Columbia, **JEFFREY SABOL**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

4

## COUNT SEVEN

On or about January 6, 2021, at or around 3:16 p.m., within the District of Columbia, **MASON JOEL COURSON**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT EIGHT

On or about January 6, 2021, within the special maritime and territorial jurisdiction of the United States, **JEFFREY SABOL** did by force and violence, and by intimidation, take and attempt to take from the person or presence of another, that is, A.W., an officer from the Metropolitan Police Department, a thing of value, that is, a police baton.

(**Robbery in a Federal Enclave**, in violation of Title 18, United States Code, Section 2111)

## COUNT NINE

On or about January 6, 2021, at or around 4:27 p.m. to 4:29 p.m., within the District of Columbia, **JEFFREY SABOL, CLAYTON RAY MULLINS, JACK WADE WHITTON, RONALD COLTON MCABEE**, and **JUSTIN JERSEY**, did forcibly assault, resist, oppose, impede, intimidate, interfere with, and inflict bodily injury on, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, A.W., an officer from the Metropolitan Police Department, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section

5

involve physical contact with the victim and the intent to commit another felony.

**(Inflicting Bodily Injury on Certain Officers and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 111(a)(1) and (b), and 2)

## COUNT TEN

On or about January 6, 2021, at or around 4:27 p.m. to 4:29 p.m., within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON, LOGAN JAMES BARNHART,** and **MASON JOEL COURSON,** using a deadly or dangerous weapon, that is, a baton, flag pole, and crutch, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, B.M., an officer from the Metropolitan Police Department, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 111(a)(1) and (b), and 2)

## COUNT ELEVEN

On or about January 6, 2021, at or around 4:27 p.m. to 4:29 p.m., within the District of Columbia, **CLAYTON RAY MULLINS** and **MASON JOEL COURSON** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, B.M., an officer from the Metropolitan Police Department, while such officer or employee was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical

contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT TWELVE

On or about January 6, 2021, at or around 4:27 p.m. to 4:29 p.m., within the District of Columbia, **MICHAEL JOHN LOPATIC SR.** and **RONALD COLTON MCABEE** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, C.M., an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT THIRTEEN

On or about January 6, 2021, at or around 4:27 p.m. to 4:29 p.m., within the District of Columbia, **JUSTIN JERSEY**, using a deadly or dangerous weapon, that is, a baton, did forcibly assault, resist, oppose, impede, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon**, in violation of Title 18, United States Code, Sections 111(a)(1) and (b))

7

## COUNT FOURTEEN

On or about January 6, 2021, at or around 4:27 p.m. to 4:29 p.m., within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, MICHAEL JOHN LOPATIC SR., JACK WADE WHITTON, CLAYTON RAY MULLINS, LOGAN JAMES BARNHART, RONALD COLTON MCABEE, MASON JOEL COURSON, and JUSTIN JERSEY,** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT FIFTEEN

On or about January 6, 2021, at or around 4:29 p.m., within the special maritime and territorial jurisdiction of the United States, **MICHAEL JOHN LOPATIC SR.,** did take and carry away, with the intent to steal or purloin, the personal property of another, that is, a body-worn camera, from the person of another, that is Officer B.M., an officer from the Metropolitan Police Department.

(**Theft in a Federal Enclave**, in violation of Title 18, United States Code, Section 661)

## COUNT SIXTEEN

On or about January 6, 2021, at or around 4:48 p.m., within the District of Columbia, **JACK WADE WHITTON,** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an

8

officer and employee, that is, D.P., an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

(**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

<u>**COUNT SEVENTEEN**</u>

On or about January 6, 2021, at or around 4:48 p.m., within the District of Columbia, **JACK WADE WHITTON**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

<u>**COUNT EIGHTEEN**</u>

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON, RONALD COLTON MCABEE, MASON JOEL COURSON,** and **JUSTIN JERSEY** did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so, and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a stick, baton, flag pole, crutch, and reinforced gloves.

(**Entering and Remaining in a Restricted Building or Grounds with a Deadly or**

9

**Dangerous Weapon**, in violation of Title 18, United States Code, Section 1752(a)(1) and (b)(1)(A))

## COUNT NINETEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON, RONALD COLTON MCABEE, MASON JOEL COURSON,** and **JUSTIN JERSEY,** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a stick, baton, flag pole, crutch, and reinforced gloves.

**(Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,** in violation of Title 18, United States Code, Section 1752(a)(2) and (b)(1)(A))

## COUNT TWENTY

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON, RONALD COLTON MCABEE, MASON JOEL COURSON,** and **JUSTIN JERSEY,** did knowingly, engage in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a stick, baton, flag pole, crutch, and reinforced gloves.

10

**(Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**, in violation of Title 18, United States Code, Section 1752(a)(4) and (b)(1)(A))

## COUNT TWENTY-ONE

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.**, **CLAYTON RAY MULLINS**, and **LOGAN JAMES BARNHART**, did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so.

**(Entering and Remaining in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(1))

## COUNT TWENTY-TWO

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.**, **CLAYTON RAY MULLINS**, and **LOGAN JAMES BARNHART**, did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

**(Disorderly and Disruptive Conduct in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT TWENTY-THREE

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.**, **CLAYTON RAY MULLINS**, and **LOGAN JAMES BARNHART**, did

knowingly, engage in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting.

(**Engaging in Physical Violence in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(4))

## COUNT TWENTY-FOUR

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, MICHAEL JOHN LOPATIC SR., JACK WADE WHITTON, CLAYTON RAY MULLINS, LOGAN JAMES BARNHART, RONALD COLTON MCABEE, MASON JOEL COURSON,** and **JUSTIN JERSEY** willfully and knowingly engaged in an act of physical violence within the United States Capitol Grounds and any of the Capitol Buildings.

(**Act of Physical Violence in the Capitol Grounds or Buildings**, in violation of Title 40, United States Code, Section 5104(e)(2)(F))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves/ATF*
Attorney of the United States in
and for the District of Columbia.

12

AO 442 (Rev. 11/11) Arrest Warrant

21-mj-6681-AOv

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:21-cr-00035 |
| | ) Assigned to: Judge Sullivan, Emmet G. |
| Mason Joel Courson | ) Assign Date: 11/17/2021 |
| | ) Description: SUPERSEDING INDICTMENT (B) |
| | ) Related Case No: 21-cr-00035 (EGS) |
| | ) |
| _Defendant_ | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_     Mason Joel Courson                                                                     ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 111(a)(1) and (b), 2 (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon);
18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers);
18 U.S.C. § 231(a)(3) (Civil Disorder);
18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds);
18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds);
18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds);
40 U.S.C. § 5104(a)(2)(F) (Violent Entry and Disorderly Conduct in a Capitol Building or Grounds)

| | |
|---|---|
| Date:     11/17/2021 | Robin M. Meriweather |
| | _Issuing officer's signature_ 2021.11.17 16:13:34 -05'00' |
| City and state:     Washington, DC | Robin Meriweather, U.S. Magistrate Judge |
| | _Printed name and title_ |

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ |
| Date: _____                    _____ <br> _Arresting officer's signature_ <br><br> _____ <br> _Printed name and title_ |

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-MJ-6681-AOV-1

UNITED STATES OF AMERICA,
           Plaintiff,

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

v.

Mason Joel Courson
           Defendant.
_____/

COMES NOW ___Jason Kreiss___ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): ___Jason Kreiss___

Counsel's Signature: _____

Address (include City/State/Zip Code):
1824 SE 4th Ave
Fort Lauderdale, FL 33316

Telephone: ___954 525-1971___     Florida Bar Number: ___87912.___

Date: ___12/14___

# COURT MINUTES/ORDER

## United States Magistrate Judge Alicia O. Valle

**Courtroom 310**　　　　　　　Date: 12/15/2021　Time: 11:00 a.m.

Defendant: Mason Courson(J)　　J#: 78637-509　　Case #: 21-6681-AOV

AUSA: Adam Hapner　　　　　Attorney: Jason Kreiss, Esq. (Temp)

Violation: Assaulting, Resisting, or Impeding Certain Officers using a Dangerous Weapon

Proceeding: Initial Appearance-Rule 40/5 Removal　　CJA Appt:

Bond/PTD Held: ☑ Yes　☐ No　　Recommended Bond: Detention

Bond Set at:　　　　　　　　　　　　　Co-signed by:

☑ Surrender and/or do not obtain passports/travel docs

Language: English

☐ phone: _____ x's a week/month by _____ x's a week/month in person

Disposition:
Defendant Present. Advised of rights and charges.

☐ Random urine testing by Pretrial Services
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by

☐ Allowances: Medical needs, court appearances, attorney visits,
religious, employment

☐ Travel extended to:

☐ Other:

**NEXT COURT APPEARANCE**　Date:　　Time:　　Judge:　　Place:

Report RE Counsel:

PTD/Bond Hearing: 12-20-2021 @ 10am

Prelim/Arraign or Removal: 12-20-2021 @ 10am

Status Conference RE:

D.A.R. 11:11:42 (rights); 11:35:54　　Time in Court: 20 mins.

2

**CHECK IF APPLICABLE:** _____ For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including _____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, l8 USC 3161 et seq..

18

# UNITED STATES DISTRICT COURT
## FOR THE

### SOUTHERN DISTRICT OF FLORIDA

Case No: 21-6681-VALLE
Your Case No: 21-CR-35(EGS)

**United States of America**

vs

## WAIVER OF REMOVAL HEARING

**Mason Courson**

**I** , **Mason Courson** charged in a proceeding on an **Superseding Indictment filed in the District of Columbia in violation of 18:U.S.C.§ 111 (a)(1) and(b)2 Assaulting, Resisting, Or Impeding Certain Officers Using A Dangerous Weapon; 18:U.S.C.§231(a)(3) Civil Disorder; 18:U.S.C.§1752(a)(1) Entering and Remaining In A Restricted Building Or Grounds, and** having been arrested in the **Southern District of Florida** (**Fort Lauderdale**) and taken before **United States Magistrate Jared M. Strauss**, for that district, who informed me of the charge and of my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and to have a removal hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned Magistrate Judge and consent to the issuance of a Warrant for my Removal to the **District of Columbia** where the aforesaid charge is pending against me.

Monday December 20th, 2021

_____
Signature of defendant

**Jared M. Strauss**
**United States Magistrate Judge (12/20/2021)**

cc: All Counsel

UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA **COURT ORDER/MINUTES**

U.S. MAGISTRATE JUDGE JARED M. STRAUSS- FORT LAUDERDALE, FLORIDA (203-D)

DEFT: MASON COURSON (J)#78637-509        CASE NO: 21-6681-VALLE

AUSA: ADAM HAPNER                        ATTY: JASON KREISS
USPO:
                                         VIOL: 18:U.S.C. §111, 231, 1752

PROCEEDING: PRETRIAL DETENTION AND       RECOMMENDED BOND:
            REMOVAL HEARING

BOND/PTD HEARING HELD - yes / no         COUNSEL APPOINTED:

BOND SET @:                              To be consigned by:

❑   All standard conditions              **DEFENDANT PRESENT IN COURT WITH COUNSEL**

❑   Do not encumber property.            **BOTH SIDES STIPULATE TO CONTINUE BOTH**

❑   Surrender and / or do not obtain passports / travel   **DETENTION AND REMOVAL HEARINGS TO**
    documents.

❑   Rpt to PTS as directed / or x's a week/month by phone;   **WEDNESDAY DEC 22 2021 AT 10 AM**
    x's a week/month in person.

❑   Random urine testing by Pretrial Services.   **DEFENSE COUNSEL INFORM THE COURT THAT IT**
    Treatment as deemed necessary.

❑   Maintain or seek full - time employment.   **HAS RECEIVED SOME DISCOVERY**

❑   No contact with victims / witnesses.   **GOVERNMENT WILL PROVIDE EXHIBITS AND COPY**

❑   No firearms.                         **OF PROTECTIVE PRIOR TO HEARING**

❑   Electronic Monitoring:               **DEFENDANT WAIVED REMOVAL/IDENTITY HEARING**

❑   Travel extended to:                  **SIGNED WAIVER IN OPEN COURT.**

❑   Other:

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|

REPORT RE
COUNSEL:

PTD/BOND
HEARING:         **WEDNESDAY DECEMBER 22 2021 AT 10 AM DUTY MAGISTRATE**

<u>ARRAIGN</u> OR REMOVAL:

PRELIM/EXAM HRG

**12/20/21**   TIME:   **10:00 AM**   FTL/TAPE/#   Begin   **DAR:**
                                      JMS-

[15 MINUTES] *** RECORDED IN 203-D JUDGE SNOW'S COURTROOM**
***THE TIME FROM TODAY THROUGH THE RE-SCHEDULED DATE IS EXCLUDED FROM THE DEADLINE FOR TRIAL AS COMPUTED UNDER THE SPEEDY TRIAL ACT *** (YES OR NO) DAR: 9:26:56-9:40:29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 21-MJ-6681-AOV-1

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

MASON JOEL COURSON,

                    Defendant.
_____/

## DEFENDANT'S NOTICE OF FILING

**COMES NOW**, the Defendant, Mason Joel Courson, by and through his undersigned Counsel and hereby files the following character letters for this Honorable Court to consider:

| | |
|---|---|
| Robert Hasmi | Uncle |
| Christopher Lopez | Pastor |

Respectfully submitted,

/s/ *Jason W. Kreiss*
JASON W. KREISS, ESQ.
Florida Bar Number: 87912

The Kreiss Law Firm
1824 SE 4th Avenue
Fort Lauderdale, Florida 33316
Phone: 954-525-1971
Fax: 954-525-1978
Email: jwk@kreisslaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing notice has been furnished by CM/ ECF to all counsel of record on this 22nd day of December 2021.

/s/ *Jason W. Kreiss*
Jason W. Kreiss, Esq.

From: **Ana Hasmi** <anarob5107@gmail.com>
Date: Sun, Dec 19, 2021 at 8:52 AM
Subject:
To: <angrea8180@gmail.com>

To Whom It May Concern:

My name is Robert A. Hasmi. I am a retired police officer serving the Hialeah Police Department for 23 years, as well as a Marine for 8 years.
I have personally known Mason Joel Courson for the last 9 years as my nephew.

During my relationship with Mason, I have experienced an individual who works hard, is a great father and carries himself in a respectful manner.
In numerous conversations with Mason, he has always displayed respect for law enforcement.
The charges Mason Courson is being accused are completely out of his character.

Please do not hesitate to contact me if should require any further information.

Respectfully,

Robert Hasmi
786-537-4589
Miamigunsmith@gmail.com

To whom it may concern,

I'm writing this letter to help shine light on the character and heart of Mason Courson, to whom I've personally have had the privilege of knowing and pastoring. Mason, a few years ago, became serious about his faith and instantly began serving at VOUS Church, a local church in Miami. His heart for people was very evident in the way he would interact and engage with everyone in the church community. He served / volunteered hundreds of hours within the church and also helped to be part of projects within the city of Miami through an initiative called "I Love My City". He volunteered his time within the Venue Control team at VOUS Church, a team of volunteers that help to ensure the health and safety of the congregation. This team consisted of many off duty law enforcements in which Mason was constantly honoring and respectful toward. Mason was very vocal about the people in his family that were in law enforcement. Mason's character and heart for people is not one to ever hurt anyone. It's shocking to read such allegations that Mason would ever physically harm anyone let alone a person in law enforcement. Mason is known to be a loving and caring person. He is an incredible son, brother, father and most importantly a man of God with great morals and values. My prayer is that his light and heart would shine through these horrible allegations. I also pray that this letter would help convey the integrity and character of an amazing man of God who has done incredible work to help people in need and those far away from God.

With much love and discernment,

*Chris Lopez*

Chris Lopez
VOUS Church
General Manger / Licensed Minister

23

UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA **COURT ORDER/MINUTES**

U.S. MAGISTRATE JUDGE JARED M. STRAUSS- FORT LAUDERDALE, FLORIDA (203-D)

DEFT:  MASON COURSON (J)#78637-509          CASE NO:  21-6681-VALLE

AUSA:  ADAM HAPNER                          ATTY:  JASON KREISS
USPO:                                       VIOL:
                                              18:U.S.C. §111, 231, 1752

PROCEEDING:  PRETRIAL DETENTION             RECOMMENDED BOND:

BOND/PTD HEARING HELD - yes / no            COUNSEL APPOINTED:

BOND SET @:                                 To be cosigned by:

| | | |
|---|---|---|
| ❑ | All standard conditions | **DEFENDANT PRESENT IN COURT WITH COUNSEL** |
| ❑ | Do not encumber property. | **GOVERNMENT PROCEEDING BY PROFFER** |
| ❑ | Surrender and / or do not obtain passports / travel documents. | **BASED ON DANGER TO THE COMMUNITY. DEFENDANT** |
| ❑ | Rpt to PTS as directed / or_ x's a week/month by phone; _ x's a week/month in person. | **CHARGED IN EIGHT COUNTS ( 7, 10, 11, 14, 18, 19, 20, 24)** |
| ❑ | Random urine testing by Pretrial Services. ___ Treatment as deemed necessary. | **GOVERNMENT'S EXHIBIT 1 SUBMITTED** |
| ❑ | Maintain or seek full - time employment. | **DEFENDANT'S OBJECTS TO EXHIBIT 1. COURT ALLOWS** |
| ❑ | No contact with victims / witnesses. | **EXHIBIT 1 TO BE ADMITTED. SWORN/TEST FBI AGENT** |
| ❑ | No firearms. | **MC DANIEL. CROSS-EXAMINED BY DEFENSE COUNSEL** |
| ❑ | Electronic Monitoring: | **COURT HEARD ARGUMENT FROM BOTH SIDES** |
| ❑ | Travel extended to: | **COURT ORDERS DEFENDANT DETAINED PENDING TRIAL** |
| ❑ | Other: | **REMANDED TO U.S. MARSHALS CUSTODY. COMMITMENT ORDER SIGNED. WRITTEN ORDER TO FOLLOW.** |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|

REPORT  RE
COUNSEL:

**PTD**/BOND
HEARING:

**ARRAIGN** OR REMOVAL:

**PRELIM/EXAM HRG**

**12/22/21**   TIME:   **10:00 AM**   FTL/TAPE/#          Begin   **DAR:**
                                       JMS-

**[1 HOUR AND 30 MINUTES] *** RECORDED IN 203-D JUDGE SNOW'S COURTROOM**
***THE TIME FROM TODAY THROUGH THE RE-SCHEDULED DATE IS EXCLUDED FROM THE DEADLINE FOR TRIAL AS
COMPUTED UNDER THE SPEEDY TRIAL ACT *** (YES OR NO) DAR: 10:00:07-11:28:15**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MJ-06681-AOV

UNITED STATES OF AMERICA

v.

MASON JOEL COURSON,

     Defendant.

_____/

## CERTIFICATE OF COMPLIANCE RE ADMITTED EVIDENCE
## AT THE DECEMBER 22, 2021 DETENTION HEARING

     I, Adam Hapner, as counsel for the United States of America, hereby certify the following:

Check the applicable sections:

[X]   ALL EXHIBITS E-FILED: All documentary exhibits and photographs of non-documentary physical exhibits offered or introduced into evidence have been electronically filed in CM/ECF.

- Gov. Exhibit 1 (Composite) – Photographs

[ ]   EXHIBITS NOT E-FILED: The following is an itemized list of exhibits that are exempt from mandatory electronic filing pursuant to Local Rule 5.3(b)(3):

Any original exhibits that have been returned to or retained by the filing party after electronic filing shall be kept for safe keeping until the conclusion of any appeals. Upon order of court, the filing party agrees to return the original exhibits to the Clerk of Court.

This Certificate shall be filed within ten (10) days of the conclusion of a hearing or trial. Failure to timely comply with the requirements of Local Rule 5.3(b) may result in the imposition of sanctions.

Signature: _____     Date:   December 23, 2021













5

Case 0:21-mj-06082-AOV Document 1 Entered on FLSD Docket 12/23/2021 Page 31 of 62



6









9





11



12





13







15









18



19



20



21



22

AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | FLORIDA |
|---|---|---|

| UNITED STATES OF AMERICA<br>vs.<br>MASON COURSON | COMMITMENT TO ANOTHER DISTRICT |
|---|---|
| | 21-6681-VALLE |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| DISTRICT OF COLUMBIA | 21-CR-35(EGS) | SOUTHERN DISTRICT OF FLORIDA | 21-6681-VALLE |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

Indictment ☐ Information ☐ Complaint ☐ PETITION

charging a violation of 18     **U.S.C. §** 111(a)(1); 231(a)(3); 1752(a)(1)

**DISTRICT OF OFFENSE:**

DISTRICT OF COLUMBIA

**ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS USING A DANGEROUS WEAPON, CIVIL ORDER ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS**

**CURRENT BOND STATUS:**

☐ Bail fixed at                 and conditions were not met
☑ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
     Other (specify)

| **Representation:** ☑ Retained Own Counsel    Federal Defender Organization   ☐ CJA Attorney   ☐ None |
|---|
| **Interpreter Required?**   ☑ No     Yes    Language:   ENGLISH |

SOUTHERN DISTRICT OF FLORIDA

TO: THE UNITED STATES MARSHAL

     You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

DECEMBER 22, 2021                    _(signature)_

| Date | United States Judge or Magistrate Judge |
|---|---|

## RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-6681-VALLE

UNITED STATES OF AMERICA,

v.

MASON JOEL COURSON,

Defendant.

_____/

FILED BY _____AT_____ D.C.

Dec 23, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

<u>DETENTION ORDER</u>

THIS MATTER came before the Court upon the Government's motion to detain the Defendant, Mason Joel Courson, prior to trial and until the conclusion thereof. Having received evidence and heard arguments of counsel, and having considered the statutory factors in 18 U.S.C. §3142(g), the Court hereby GRANTS the Government's motion and hereby orders Defendant Mason Joel Courson, detained prior to trial, for the reasons stated on the record at the hearing and as further discussed below in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    <u>INTRODUCTION</u>

The Defendant is charged by Indictment, along with eight other individuals, with a host of offenses stemming from his participation in the events at the United States Capitol on January 6, 2021. Specifically, the Defendant is charged with: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of Title 18, United States Code Sections 111(a)(1) and (b) and 2 (Count 10); Assaulting, Resisting, or Impeding Certain Officers, in violation of Title 18, United States Code, Section 111(a)(1) (Count 11); Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3) (Counts 7 and 14); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of Title 18,

United States Code, Section 1752(a)(2) and (b)(1)(A) (Count 18); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with Deadly or Dangerous Weapon, in violation of Title 18, United States Code, Section 1752(a)(2) and (b)(1)(A) (Count 19); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, Section 1752(a)(4) and (b)(1)(A) (Count 20); and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40, United States Code, Section 5104(e)(2)(F) (Count 24). The United States seeks detention on the basis of danger to the community.[1] On December 22, 2021, I held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the safety of any person and the community. 18 U.S.C. § 3142(f). The Government must establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any individual or the safety of the community. 18 U.S.C. § 3142(f)(2). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.    FINDINGS OF FACT

The evidence adduced at the pretrial detention hearing consisted of the information contained in the Pretrial Services Report, the testimony of FBI Special Agent Michelle McDaniel, a composite exhibit of still images taken from various video recordings (GX 1), a "No File" notice

---

[1] As a preliminary matter, the Government correctly argues that the Defendant is eligible for pretrial detention, under 18 U.S.C. § 3142(f)(1)(A), because he is charged with at least one "crime of violence" – specifically, Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of Title 18, United States Code Sections 111(a)(1) and (b) and 2. *See United States v. Sabol*, No. 21-35-1 (EGS), 2021 WL 1405945, *5-7 (D.D.C. Apr. 14, 2021) (finding that a violation of § 111(a)(1) and (b) is a "crime of violence" under the definition in 18 U.S.C. § 3156(a)(4) and relevant case law). The Defendant is also charged with multiple offenses that "involve[] the possession or use of . . . a dangerous weapon[.]" *See* 18 U.S.C. § 3142(f)(1)(E).

2

from Florida's Circuit Court of the Fifteenth Judicial Circuit (DX 1), and two letters filed in support of the Defendant (DE 6-1, 6-2). I have considered all of this evidence in making my findings.

1. <u>Government's Evidence</u>

On January 6, 2021, a joint session of the U.S. Congress convened to certify the Electoral College vote count and the 2020 Presidential Election. According to a post-*Miranda* statement he later gave to the FBI, the Defendant had left Florida with a friend on January 4, 2021, to attend the "Stop the Steal" rally held by then-President Donald Trump in Washington, D.C. on January 6, 2021. The Defendant posted a picture on social media from the rally, indicating "I'm here to <u>#stop the steal</u>." GX 1 at 22. That day, the Defendant wore a grey Oakley jacket, a red Trump "beanie," sunglasses, black gloves, and a "Thin Blue Line USA" "gator" face and neck covering, while carrying a black or grey backpack.

Following the rally, the Defendant, and a mob of others, descended upon the U.S. Capitol's lower west terrace. There, they encountered officers from the Metropolitan Police Department (MPD), including officers B.M., A.W., and C.M., who had responded to assist the U.S. Capitol Police in quelling the riot occurring at the Capitol. The MPD officers guarded an archway tunnel access point where rioters, including the Defendant, were trying to enter the Capitol. By the Defendant's own admission post-*Miranda*, the scene was like a "war zone." The Defendant admitted that he and others were trying to enter the Capitol despite the police attempting to stop them. He described people trying to "battering ram" their way through the police, while yelling "heave ho."

The series of still-shots in GX 1 show some of the Defendant's actions in and among the riotous crowd at the lower west terrace. While, as defense counsel argued, the still-shots cannot

3

demonstrate the full range of the Defendant's actions and their context without the continuous videos from which they are taken, the still-shots nevertheless clearly demonstrate certain actions. The photographs at pages 2 and 3 of GX 1 show the Defendant[2] approaching and then reaching the archway gate guarded by the MPD. Around 3:16 p.m., the Defendant was among the rioters trying to force their way through the archway against the MPD officers. GX 1 at 4-7. By approximately 3:19 p.m., however, the body camera video of an officer shows the Defendant outside the archway, suggesting that he reversed course. *Id*. at 8. Approximately one minute later, another video shows the Defendant crouching down to the ground and standing back up with a police baton, which he then brandished aloft over his head. *Id*. at 9-10.

At approximately 4:27 p.m. – more than an hour later – the Defendant was still at the lower west terrace, with the baton in hand and headed towards the archway again. *Id.* at 11-12. Over the ensuing 90 seconds, officers B.M., A.W., and C.M. were brutally assaulted by the mob. A.W. was knocked to the ground and dragged through the crowd, where he was stomped on, mased, and struck with poles. Rioters ripped off A.W.'s helmet, took his gas mask, and stole his MPD-issued cell phone. B.M. was dragged over A.W. into the crowd, where he was repeatedly struck by a flag pole, police baton, and crutch. C.M. was assaulted while trying to reach B.M. and assist him. Ultimately, A.W. suffered multiple lacerations to his head, requiring multiple staples to stop the bleeding. B.M. suffered abrasions to his nose and cheek, as well as bruising to his left shoulder.

Shortly after co-defendants Whitton, Barnhart, and Sabol dragged down officer B.M. (*Id*. at 13), the Defendant approached with the baton he had obtained an hour earlier. *Id*. at 14. The

---

[2] The Defendant would later identify himself in one of the photographs during his post-Miranda interview, and a search of his home found the articles of clothing he is wearing in the photographs.

4

Defendant struck B.M. with the baton while B.M. was prone on the stairs near a railing. *Id*. at 15.[3] The Defendant then climbed over the railing, ascended the stairs, and, with other rioters, dragged A.W. down the stairs. *Id*. at 16-18. The image on page 20 of GX 1, from A.W.'s body camera, shows the Defendant and another individual standing over A.W. as A.W. struggled to get away, while page 19 shows the Defendant (from behind) hovering around A.W. while A.W. was being assaulted. The image on page 19 shows the Defendant still brandishing the baton. *Id*. Finally, the Defendant returned to B.M. and shoved B.M.'s head down as B.M. tried to get up. *Id*. at 21.

On December 14, 2021, approximately 10 FBI agents (in addition to a SWAT team), executed a search warrant on the Defendant's residence in Tamarac, Florida. With the Defendant's cooperation, the searching agents found the "Thin Blue Line" face shield, grey Oakley jacket, and red Trump beanie that the Defendant is seen wearing in the still-shots from January 6, 2021. They also recovered the baton that the Defendant was seen wielding. Additionally, the agents found two firearms (which defense counsel represented have since been secured and removed from the residence).

The Defendant spoke to a subset of the agents in an (unrecorded) post-*Miranda* statement in his kitchen. As mentioned above, the Defendant identified himself in one of the photographs in GX 1 and admitted to going to the Capitol grounds after the Stop the Steal rally. He described the

---

[3] As described below, during his post-*Miranda* statement, the Defendant admitted to exchanging blows with officers, taking the baton, and striking an officer with the baton. However, when shown the photos on page 15 of GX 1, the Defendant claimed to be helping to protect the officer from other protestors. This explanation is not consistent with the images on page 15. Those images show the Defendant crouched over B.M., holding the baton with a two-handed grip, with his arms and the baton extended down towards B.M.'s back. From these images, in combination with the Defendant's other post-*Miranda* statements stating that he felt striking the officers was "justified," I find that there is clear and convincing evidence that the Defendant did, indeed, strike B.M. with the baton.

scene at the Capitol Grounds as being like a "war zone" and that he felt like he was in a "battle." Specifically, he described the air being thick with pepper spray and the police using pepper spray, gas, rubber bullets, and batons to try to clear the area. He admitted to trying to enter the Capitol even though police were trying to keep people out of the building and further admitted that he ultimately entered the Capitol. As stated above, he described people in the crowd acting like a "battering ram" to get through the police officers. He also admitted that he had exchanged blows with officers, had taken the baton, and had hit an officer with the baton. Despite his "Thin Blue Line" face covering (seemingly showing support for law enforcement), he stated that he felt these officers were not "thin blue line" but rather were "traitors." He also claimed that hitting the officer was justified because of the chaos of the situation.

There is no evidence that the has or had any connection to any militia, anti-government, or other radical groups either before or after January 6. Nor is there any evidence of him making social media postings or other communications about violence against the government. There is no evidence that he planned on engaging in violence when he left Florida on January 4; for example, there is no evidence that he arrived in Washington, D.C. with any weapons (including the baton), pepper spray, helmet, gas mask, body armor, or other tactical gear. Nor is there any evidence that he has committed any other crimes since January 6, including during the few days of surveillance by the FBI prior to the execution of the search warrant. There is also no evidence that he attempted to obstruct the investigation or otherwise obstruct justice. He was also cooperative during the search, assisting the agents in finding the clothing he wore, identifying the friend he had traveled with, and speaking to the agents in his kitchen after waiving his *Miranda* rights.

6

2.  <u>Pretrial Services Report</u>

According to the Pretrial Services Report, the Defendant is 26 years old and a lifetime resident of south Florida.  His parents and two adult siblings all live in south Florida, and he shares custody of a two-year-old child with the child's mother (who lives in Tallahassee).  He is self-employed in a business (which defense counsel proffered sells audio equipment), from which he earns approximately $1,500-$2,000 per month, and trades digital currency.  He consumes marijuana daily and alcohol weekly, but he has no other history of substance abuse and no history of mental health treatment.

The Defendant's criminal history includes a series of incidents between 2013 and 2018.  In 2013 (at the age of 17), the Defendant was charged with disorderly conduct and resisting an officer, although the charges were dropped after the Defendant completed a pretrial diversion program.  Approximately a year-and-a-half later, in September 2015, the Defendant was charged with (and ultimately adjudicated guilty of) battery and resisting arrest without violence, for which he received one year of probation in March 2016.[4]  Less than five months after being placed on probation, he violated that probation and committed the offense of grand theft (3rd degree).  During his probation, he also committed offenses of peddling without a license or permit and loitering or

---

[4] The Government proffered facts from the arrest affidavit of this incident, which described the Defendant as having punched the owner of a bar while intoxicated and then pushing, kicking, and fleeing from multiple law enforcement officers.  However, while the Defendant was initially charged with multiple counts of battery on a law enforcement officer, assault and battery on a law enforcement officer, and resisting an officer with violence, two weeks later the state prosecutor chose not to file these charges.  DX 1.  Instead, the Defendant was only convicted of one count of battery and one count of resisting arrest without violence (with other counts of battery, marijuana possession, and disorderly intoxication being nolle prosed).  Therefore, I do not rely on the specific facts proffered from the arrest affidavit.  Defense counsel represented that the incident involved the Defendant being intoxicated and having an altercation with the owner of the establishment.

7

prowling. For the grand theft offense, he was again placed on probation in December 2017, which apparently terminated about six weeks later when he paid restitution. Approximately two months after termination of this term of probation, he was arrested for (and ultimately pled guilty to) driving under the influence in Pennsylvania.

C.   STATEMENT OF REASONS FOR DETENTION

Title 18, United States Code, Sections 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release. After considering those factors in detail as described below, and based upon the above findings of fact, the Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. 18 U.S.C. § 3142(e).

1.   The nature and circumstances of the offense charged.

The nature and circumstances of the offense charged weigh heavily in favor of detention. For starters, the clear and convincing evidence indicates that the Defendant took part in what can only be described as an armed insurrection against American democracy. That the riot involved violent attacks on law enforcement officers and caused serious concern for the safety of lawmakers and others in the Capitol alone makes the offenses incredibly serious. But it is inescapable that the purpose of the riot was to disrupt "the solemn process of certifying a presidential election." *United States v. Cua*, No. 21-107 (RDM), 2021 WL 918255, at *3 (D.D.C. Mar. 10, 2021). The rioters sought to overturn the results of a democratic election with which they were unhappy – not by politics or by law, but by force. I cannot conceive of anything evincing a greater disrespect for the rule of law.

8

However, I must – and do – consider this Defendant's individual conduct and the specific offenses with which he is charged. For "despite the serious and chilling nature of the events that took place [on January 6], the D.C. Circuit has made clear that detention is not appropriate in all cases involving Capitol Riot defendants." *Sabol*, 2021 WL 1405945 at \*10 (citing *United States v. Munchel*, No. 21-3010, 2021 WL 1149196, at \*4 (D.C. Cir. Mar. 26, 2021)). Specifically, I consider the six "guideposts" that the District Court for the District of Columbia has utilized to assess the comparative culpability of defendants in relation to other rioters from that day: "(1) whether the defendant has been charged with felony or misdemeanor offenses; (2) the extent of the defendant's prior planning, 'for example, by obtaining weapons or tactical gear'; (3) whether the defendant used or carried a dangerous weapon; (4) evidence of coordination with other protestors before, during, or after the riot; (5) whether the defendant played a leadership role in the events of January 6, 2021; and (6) the defendant's 'words and movements during the riot'—e.g., whether the defendant 'remained only on the grounds surrounding the Capitol' or stormed into the Capitol interior, or whether the defendant 'injured, attempted to injure, or threatened to injure others.'" *Id*. (citing *United States v. Chrestman*, 525 F. Supp.3d 14 (D.D.C. 2021)).

Half of these factors weigh in favor of finding the Defendant among those whose offenses were more serious while half weigh against. Most of the Defendant's alleged offenses are felonies, rather than misdemeanors. The most serious of these, Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of Title 18, United States Code Sections 111(a)(1) and (b) and 2 (Count 10), carries a maximum penalty of 20 years in prison, and the Government estimates that the Defendant would face a guidelines range of 97-121 months in prison if convicted without acceptance of responsibility (and 70-87 months with

9

acceptance of responsibility). During the alleged offenses, the Defendant also used a dangerous weapon – the police baton that he obtained and brandished during the riot. The last factor also weighs in favor of finding the Defendant's conduct among the more serious group of offenders. During the riot, he did not merely remain on the Capitol grounds or enter after others had cleared the way. Rather, he was among those seeking to "battering ram" their way through officers protecting the entrance and actually entered the Capitol. Even more significantly, he attempted to injure another person – specifically officer B.M. by striking him with the baton and officer A.W. by assisting in dragging him down the stairs. The fact that these individuals were law enforcement officers increases the seriousness of the offenses, as does the fact that he acted against multiple officers.

On the other hand, there is no evidence that the Defendant played a leadership role. There is no evidence that he came to Washington, D.C. planning on engaging in violence. Unlike other rioters, and even some of his co-defendants, he did not come with weapons or tactical gear. Moreover, there is little evidence of the Defendant coordinating with other rioters, before, during, or afterwards. It is true, as the Government argues, that the Defendant jointly undertook the assaults of B.M. and A.W. with other rioters, helping other rioters drag A.W. down the stairs. However, the evidence before me is insufficient to conclude that these circumstances constituted conscious "coordination."

However, I do find very significant that the Defendant remained at the lower west terrace for more than hour, making multiple attempts to enter. His most serious conduct (the assault on B.M. with the baton and the dragging of A.W.) occurred more than hour after his first attempt to push through the officers guarding the entrance and when he first obtained the police baton. In short, to the extent that some of the factors seeming to weigh in his favor are

meant to discern whether the Defendant's offenses were the result of being swept up by impulse, rather than a conscious and deliberate plan, I find that the Defendant had ample opportunity to leave the "war zone" and "battle" he encountered. Instead, he made the conscious decision to remain for more than hour and further engage in that "battle." Thus, having considered all of the factors in addition to overall context of the offenses, I find that the nature and circumstances of the offenses weighs heavily in favor of detention.

2. <u>The weight of the evidence against Defendant.</u>

The weight of the evidence against the Defendant is strong and also weighs in favor of detention. The still-shot images, in combination with the Defendant's statements and the items found at his residence, not only demonstrate the Defendant's presence at the lower west terrace but that the Defendant engaged in the most serious of the offenses with which he is charged. Again, clear and convincing evidence demonstrates that the Defendant did, at the very least, assault B.M. with a baton, with the images on page 15 of GX 1 clearly showing him striking the B.M. as he lay prone on the stairs. His statements also indicate that he felt justified in doing so.

3. <u>Defendant's history, characteristics, and criminal history.</u>

Some of the Defendant's history and characteristics weigh in his favor. He has strong ties to south Florida, having lived here his entire life and having his parents and siblings nearby. His family's presence (in combination with their proffered willingness to co-sign on a bond and his mother's willingness to have the Defendant reside with her) indicate a stability that could mitigate concerns of danger to the community. The Defendant also has somewhat stable employment (although it is difficult to discern how stable a two-year-old audio equipment distribution business is).

However, the Defendant's criminal history, while not replete with serious felonies, is

concerning.  His criminal includes a series of offenses in short succession.  They include multiple instances of disorderly conduct and resisting law enforcement officers.  More importantly, they show multiple instances of the Defendant either violating probation or engaging in violations shortly after a term of probation, including an offense of driving while intoxicated.  I do credit defense counsel's argument that many of these offenses may have been related to abuse of alcohol and are not necessarily similar to the offenses with which he is now charged.  But the alcohol-related offenses and the probation violations suggest that the Defendant has a distinct difficulty with impulse control and decision-making.  Those deficiencies are consistent with the offenses with which he is charged (not just in the decision to go to the Capitol following the rally but also the decision to remain for over an hour in that atmosphere).  Moreover, the commission of offenses while on probation (or even shortly thereafter) suggest an inability to abide by conditions of bond.

As to the Defendant's character, I have considered the letters submitted on his behalf, including their professions that the Defendant has great respect for law enforcement.  However, the Defendant's criminal history and his conduct in this case (per the clear and convincing evidence before me) strongly suggest otherwise.  As stated above, the Defendant had shown resistance to law enforcement multiple times prior to January 6.  Despite his professed respect for law enforcement, he nonetheless branded the MPD officers protecting the Capitol as "traitors" and felt "justified" in assaulting them by the "chaos."[5]  Moreover, I find it significant that the Defendant kept the baton with which he assault B.M.  Whether the Defendant intended to keep it as a trophy or a memento, I cannot determine.  However, the fact that the Defendant kept that weapon over the course of the last year is not emblematic of someone who has remorse or has come to regret

---

[5] Notably, it is the Defendant who chose to stay in the "war zone" atmosphere for more than hour. In other words, the Defendant placed himself – and kept himself – amidst the "chaos" that the officers were trying to quell, not create.

his actions after the passions of the moment have subsided. For all of these reasons, I find that the Defendant's character and history provide significant doubt for whether he would respect and abide by conditions of bond that I could set.

4. <u>The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.</u>

The unique circumstances of the charged offenses, and the evaluation of the six "Chrestman" factors, also bear on the danger the Defendant may pose if released. *See Sabol*, 2021 WL 1405945 at *10. For similar reasons articulated above, I also find that the Defendant does pose a serious danger to the community if released. It is possible that, removed from the particular passions and circumstances of January 6, without what defense counsel referred to as the "catalyst" of former-President Trump's "war cry" to "walk down to the Capitol. . .[and] show strength" the Defendant would not engage in conduct similar to the crimes charged. However, the clear and convincing evidence is that the Defendant answered that "war cry." Having made that choice, he made the further deliberate choice to remain at the "war zone" for a significant period of time and take up the opportunity (having found a weapon when did not have one previously) to engage in "battle" with law enforcement officers he branded as "traitors." He has a history of conduct that shows a lack of impulse control and an inability to abide by probation conditions. And he retained the baton he used that day for months afterwards, raising a question as to what other "war cries" he might follow in the future.

5. <u>Conclusion</u>

As described above, the nature and seriousness of the offense, the weight of the evidence, and the Defendant's history and characteristics, and the risk posed by the Defendant's release all weigh in favor of granting the Government's motion for pretrial detention. In reaching this conclusion, I have considered conditions proposed by the Defendant, which included a

combination of personal surety and percentage bonds, co-signed by his parents, and home confinement (at his mother's home) enforced through electronic monitoring. However, for the reasons described above, the Defendant's history undermines my faith that even those conditions will be sufficient to assure that the Defendant will not pose a danger to the community. I therefore find that the Government has proven, by clear and convincing evidence, that no conditions or combination of conditions will reasonably assure the safety of the community.

D.  **DISPOSITION**

Being fully advised, the Court hereby ORDERS that the Defendant, Mason Joel Courson, be detained prior to trial and until the conclusion thereof.

The Court further ORDERS:

1.      That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 23rd day of December 2021.

_Jared Strauss_
**Jared M. Strauss**
**United States Magistrate Judge**

14